IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| ILLINOIS NATIONAL INSURANCE CO., et al., ) ) ) | |
| *Plaintiffs,* ) ) | No.  17 C 7567 |
| v. ) ) | Judge Virginia M. Kendall |
| ACE STAMPING AND MACHINE CO. INC., ) ) ) | |
| *Defendant.* ) | |

## MEMORANDUM OPINOIN AND ORDER

Before the Court are Plaintiffs' Motion for Prejudgment and Post-Judgment Interest and Motion for Award of Attorneys' Fees and Expenses.  Plaintiffs' Motion for Prejudgment and Post-Judgment Interest is granted.  (Dkt. 126).  Plaintiffs' Motion for Award of Attorneys' Fees and Expenses is denied.  (Dkt. 128).

## BACKGROUND

Ace Stamping & Machine Co. Inc. ("Ace") contracted with Optimas OE Solutions, LLC ("Optimas") to manufacture washers to be distributed to General Electric Transportation ("GET").  GET demanded reimbursement from Optimas for defective washers and, on May 11, 2016, Optimas notified Ace of the demand and asked Ace to uphold its contractual duty to indemnify Optimas against such costs.  On June 24, 2016, Optimas settled with GET for $1,704,003.84.  (Dkt. 1 ¶ 36).  Plaintiffs filed suit against Ace on October 19, 2017, asserting three causes of action: breach of warranty, breach of indemnity, and negligence.  (Dkt. 1).  This Court

entered judgment in favor of Plaintiffs on October 9, 2020, following a jury finding in favor of Plaintiffs on all three causes of action and award of $787,742.85 in damages. (Dkt. 122; Dkt. 123). Plaintiffs now move for prejudgment and postjudgment interest and for recovery of attorneys' fees and expenses. (Dkt. 126; Dkt. 128).

## DISCUSSION

### I. Prejudgment Interest

Plaintiffs move for an award of prejudgment interest under the Illinois Interest Act. 815 ILCS 205/2; (Dkt. 126 at 2–4). The Illinois Interest Act provides for an award of prejudgment interest "at the rate of five (5) per centum per annum for all moneys after they become due on any . . . other instrument of writing . . ." 815 ILCS 205/2. Under Illinois law, "other instrument of writing" encompasses contracts, including contractual duties to indemnify. *Mut. Serv. Cas. Ins. Co. v. Elizabeth State Bank*, 365 F.3d 601, 629 (7th Cir. 2001) (internal citations omitted); *Statewide Ins. Co. v. Houston Gen. Ins. Co.*, 920 N.E.2d 611, 623–24 (Ill. App. Ct. 2009). Further, the amount due must be liquidated or subject to easy calculation. *Abellan v. Lavelo Prop. Mgmt., LLC*, 948 F.3d 820, 833–34 (7th Cir. 2020) (internal citations omitted). If these prerequisites are satisfied, the decision to allow statutory damages is within the sound discretion of the court. *Id*.

The damages awarded arise out of just such an instrument of writing, and Ace does not contest this point. (Dkt. 41-1 at 10, 13; Dkt. 131 at 1–2). Instead, Ace argues that, because Ace challenged the reasonableness of the underlying settlement, the amount due was not liquidated or subject to an easy determination by calculation or

computation. (Dkt. 131 at 1–2). As evidence, Ace points to the difference between the damages sought by Plaintiffs and that awarded by the jury. (Dkt. 131 at 2). First, the mere fact that Ace challenged the reasonableness of the underlying settlement does not preclude prejudgment interest. *See Santa's Best Craft, LLC v. St. Paul Fire and Marine Ins. Co.*, 611 F.3d 339, 355 (7th Cir. 2010) (citing *Couch v. State Farm Ins. Co.*, 666 N.E.2d 24, 27 (Ill. App. Ct. 1996)). This is true "even if the amount requires legal ascertainment." *Knoll Pharm. Co. v. Auto. Ins. Co. of Hartford*, 210 F. Supp. 2d 1017, 1026 (N.D. Ill. 2002) (citing *N.H. Ins. Co. v. Hanover Ins. Co.*, 696 N.E.2d 22, 28 (Ill. App. Ct. 1998)); *see also Abellan*, 948 F.3d at 834 (internal citations omitted). Second, the amount due Plaintiffs was determinable such that prejudgment interest is appropriate. The "general rule" is that damages need only be sufficiently ascertainable so that the defendant can have a good idea of the total for which it may be liable. *Residential Mktg. Grp., Inc. v. Granite Inv. Grp.*, 933 F.2d 546, 550 (7th Cir. 1991); *see also, e.g., Balcor Real Estate Holdings v. Walentas-Phoenix Corp.*, 93 C 3065, 1995 WL 275594, at *2 (N.D. Ill. May 8, 1995), *aff'd*, 73 F.3d 150 (7th Cir. 1996). The parties did not dispute the amount of the underlying settlement, only the amount for which Ace was legally responsible.

The appropriate daily interest award is $107.90, calculated by dividing the product of the judgment amount ($787,742.85) and 5% by 365 days. (Dkt. 126 ¶ 7). Plaintiffs are entitled to the prejudgment interest accruing from the settlement payment on June 24, 2016, to the entry of judgment on October 9, 2020, i.e., 1,568 days. (Dkt. 126 ¶ 7). The product of the daily interest award ($107.90) and 1,568

days yields a prejudgment interest award of $169,187.20. (Dkt. 126 ¶ 7). Ace does not challenge the prejudgment interest calculations offered by Plaintiffs. (Dkt. 131).

Plaintiffs' motion for prejudgment interest in the amount of $169,187.20 is granted.

## II. Postjudgment Interest

Plaintiffs seek postjudgment interest pursuant to 28 U.S.C. § 1961(a). (Dkt. 126 at 4–5). The postjudgment interest rate is determined by the Treasury Bill rate on the date judgment was entered (in this case, October 9, 2020) and compounded annually. 28 U.S.C. § 1961(b); (Dkt. 123). The rate on October 9, 2020, was 0.15% which, when multiplied by the judgment amount of $787,742.85 and divided by 365 days, yields a daily interest of $3.23. (Dkt. 126 at 4). Judgment, then, accrues $3.23 in interest from October 9, 2020, until paid. Ace objects neither to Plaintiffs' claim for postjudgment interest nor to Plaintiffs' calculations. (Dkt. 131 at 5).

Plaintiffs' motion for postjudgment interest in the amount of $3.23 per day from October 9, 2020, until paid is granted.

## III. Attorney's Fees and Expenses

Illinois follows the "American Rule" whereby each party bears its own litigation costs unless a statute or contractual provision expressly provides otherwise. *Webb v. Fin. Indus. Regulatory Auth., Inc.*, 889 F.3d 853, 857 (7th Cir. 2018) (citing *Duignan v. Lincoln Towers Ins. Agency, Inc.*, 667 N.E.2d 608, 613 (Ill. App. Ct. 1996), *Ritter v. Ritter*, 46 N.E.2d 41, 43 (Ill. 1943), and *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 839 (7th Cir. 2010)). As an exception to the general rule, contractual provisions

permitting fee shifting are strictly construed and, absent specific language, successful litigants cannot recover attorney fees and costs. *Negro Nest, LLC v. Mid-Northern Mgmt., Inc.*, 839 N.E.2d 1083, (Ill. App. Ct. 2005) (citing *Helland v. Helland*, 573 N.E.2d 357, 359 (Ill. App. Ct. 1991) and *Estate of Downs v. Webster*, 716 N.E.2 1256, 1260 (Ill. App. Ct. 1999)). Ultimately, the decision to award attorney fees and costs pursuant to such a provision lies within the courts' sound discretion. *Rexam Beverage Can Co. v. Bolger*, 620 F.3d 718, 734 (7th Cir. 2010) (citing *Pa. Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989), *Mount batten Sur. Co v. Szabo Contracting, Inc.*, 812 N.E.2d 90, 104 (Ill. 2004), and *Powers v. Rockford Stop-N-Go, Inc.*, 761 N.E.2d 237, 241 (Ill. App. Ct. 2001)).

> The contractual indemnification provision at issue provides as follows:
>
> [Ace] will defend, indemnify and hold harmless [Optimas], its directors, affiliates, employees, and agents from and against any and all claims alleging (i) infringement or interference with any intellectual property or proprietary rights, including but not limited to, infringement of any Patent, trademark, copyright, or service mark; (ii) property damage, injuries or death to persons, or any other damage, loss cost or expense (including judgments paid and attorneys' fees and expenses reasonably incurred) arising out of the purchase, use of or operation of any Products, or (iii) violation by any such Products, or their manufacture, possession, use or sale, of any law, statute or ordinance or any governmental administrative order, rule or regulation.

(Dkt. 43-3 at ¶ 10). In relevant part, Ace agreed to indemnify Optimas "against any and all claims alleging . . . loss cost or expense (including . . . attorneys' fees and expenses reasonably incurred) . . . arising out of the purchase, use of or operation of any Products[.]" (Dkt. 43-3 at ¶ 10). The reference to "attorneys' fees and expenses" in this clause modifies the category of ***claims*** against which Ace will indemnify

Optimas. First, narrowly construed as mandated by Illinois law, this language does not require Ace to indemnify Optimas against any and all attorneys' fees and expenses arising out of the "purchase, use of or operation of any Products." Second, the indemnification provision does not on its face extend to first party litigation brought against Ace by Optimas. By contrast, the examples of "analogous" indemnification language cited by Optimas are far broader and more clearly imagine indemnification for first party action. *See, e.g., ImagePoint, Inc. v. BFS Retail & Commercial Operations, LLC*, No. 13 C 4339, 2014 WL 7335167, at *5 (N.D. Ill. Dec. 19, 2014) ("ImagePoint shall defend, indemnify and hold harmless Buyer . . . from and against ***all claims, damages, losses and expenses, including but not limited to, attorney's fees*** . . ."); *Rexam Beverage Can Co. v. Bolger*, 620 F.3d 718, 734–35 (7th Cir. 2010) ("Lessee agrees to indemnify and save harmless Lessor . . . against and from ***any and all liabilities, losses, damages, costs, expenses, causes of action, suits, judgments and claims*** . . ."); *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 152–53 (7th Cir. 1996) ("Walentas will indemnify, safe, defend and hold [Balcor] . . . harmless from and against ***any losses, debts, obligations, proceedings, suits, claims, causes of action, damages, costs, expenses (including, without limitation, attorneys' fees and expenses), liabilities, actions or rights of acting*** incurred by [Balcor] . . ."); and *Chamberlain Mfg. Corp. v. Maremont Corp.*, No. 92-C-0356, 1995 WL 769782 (N.D. Ill. Dec. 29, 1995) ("Seller hereby agrees to indemnify [purchaser] . . . against and agrees to hold harmless from ***any and all damage, loss, liability and expense, including***

**reasonable attorneys fees**, incurred or suffered by such indemnitee . . .") (emphasis added). The fees and expenses sought by Plaintiffs are not encompassed by the indemnification provision.

Plaintiffs' motion for attorneys' fees and expenses is denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Prejudgment and Post-Judgment Interest (Dkt. 126) is granted. Plaintiffs' Motion for Award of Attorneys' Fees and Expenses (Dkt. 128) is denied.

_____
Virginia M. Kendall
United States District Judge

Date: February 1, 2021